UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TOP ZINC LIMITED *and* ZINC HOTELS (INVESTMENT) LIMITED,

        Applicants,

-v-

HILTON WORLDWIDE HOLDINGS, INC.,

        Respondent.

No. 18-mc-169 (RJS)
ORDER

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 5/7/18

RICHARD J. SULLIVAN, District Judge:

    Top Zinc Limited and Zinc Hotels (Investment) Limited (collectively, "Zinc") bring this application under 28 U.S.C. § 1782 for an order authorizing them to serve a subpoena on Respondent Hilton Worldwide Holdings, Inc. ("Hilton Worldwide") for discovery for use in a pending lawsuit in the United Kingdom against various other Hilton entities. For the reasons that follow, Zinc's application is denied.

    To obtain discovery under § 1782 for use in a foreign proceeding, an applicant must demonstrate, among other things, that the person or entity from whom the discovery is sought "resides or is found" in the district of the district court to which the application is made. 28 U.S.C. § 1782; *In re Sargeant*, 278 F. Supp. 3d 814, 819 (S.D.N.Y. 2017). Although § 1782 does not define the phrase "resides or is found," at minimum, "compelling an entity to provide discovery under § 1782 must comport with constitutional due process." *In re Sargeant*, 278 F. Supp. 3d at 819; *see also Australia & New Zealand Banking Grp. Ltd. v. APR Energy Holding Ltd.*, 2017 WL 3841874, at *4 (S.D.N.Y. Sept. 1, 2017). "Thus, to 'reside' or be 'found' in a district for purposes of § 1782, a corporate entity must at the very least be subject to the court's general jurisdiction[.]" *In re Sargeant*, 278 F. Supp. 3d at 820. As the Supreme Court made clear in *Daimler AG v. Bauman*, 571 U.S. 117 (2014) and *BNSF Railway Co. v. Tyrrell* (2017), absent

exceptional circumstances, a corporation is "at home," and therefore subject to general jurisdiction, only in its place of incorporation or principal place of business. *Id.*

Here, Zinc does not allege that Hilton Worldwide Holdings, Inc. is incorporated in New York or that it has its principal place of business in New York.[1] Rather, Zinc makes the same species of argument that the Supreme Court expressly rejected in *Daimler* – *i.e.*, that Hilton Worldwide's substantial and continuous contacts with New York, such as its listing on the New York Stock Exchange, its use of New York-based law firms to prepare credit agreements, and its ownership of nine branded hotels in New York City, render it at home in this District. *See Brown v. Lockheed Martin Corp.*, 814 F.3d 619, 629 (2d Cir. 2016) (explaining that *Daimler* "considerably altered the analytical landscape for general jurisdiction and left little room for arguments" that "contacts of substance, deliberately undertaken and of some duration, could place a corporation 'at home' in many locations"). Accordingly, Zinc's § 1782 application is denied.

Furthermore, the Court declines to consolidate this case with Zinc's § 1782 action before Judge Daniels, 18-mc-170, which involves a different respondent and may therefore turn on different considerations.

The Clerk of Court is respectfully directed to close this case and to terminate the motion pending at docket numbers 1 and 13.

SO ORDERED.

Dated:   May 7, 2018
         New York, New York

                                            RICHARD J. SULLIVAN
                                            UNITED STATES DISTRICT JUDGE

---

[1] Indeed, according to the Hilton Worldwide's latest Form 10-K filing with the Securities and Exchange Commission, which is publicly available on the SEC's website, Hilton Worldwide is incorporated in Delaware. *See* Hilton Worldwide Holdings, Inc., Annual Report (Form 10-K) (December 31, 2017). And Zinc appears to concede that Hilton Worldwide is otherwise "based in Virginia[.]" (Doc. No. 2).

2